UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAMOFI MASTER LDC,

                Plaintiff,

- against -

GLOBAL AXCESS CORP.,

                Defendant.

Case No. 07 Civ. 9317 (HB/FM)

**COMPLAINT**

ECF CASE

    Plaintiff CAMOFI Master LDC ("CAMOFI"), for its complaint in the above-entitled action, hereby alleges, on knowledge as to its own acts, and otherwise on information and belief, as follows:

    1. This is an action for the recovery of damages caused by the negligent misrepresentations made by Defendant Global Axcess Corp. ("Global") in inducing CAMOFI to make a convertible debt placement in Global.

## PARTIES

    2. CAMOFI is a limited duration company organized under the laws of the Cayman Islands, with its principal place of business in the Cayman Islands.

    3. Upon information and belief, Global is a Nevada corporation with its principal place of business located at 224 Ponte Vedra Park Drive, Ponte Vedra Beach, Florida 32082.

## JURISDICTION AND VENUE

    4. Pursuant to a series of agreements between the parties out of which the within lawsuit arises, each party submitted itself to the exclusive jurisdiction of the state and federal courts situated in the State of New York.

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a), because (a) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (b) the action is between a citizen of a State and a citizen or subject of a foreign State.

6. This District is a proper venue for this action pursuant to 28 U.S.C. §1391(a), in that Global has consented to (and is thus subject to) jurisdiction in this District.

## FACTS COMMON TO ALL CLAIMS

7. Global filed with the Securities and Exchange Commission ("SEC") its form 10-QSBs for the quarters ended June 30, 2005 and September 30, 2005, each of which reflected a purportedly profitable quarter for Global.

8. In 2005, Global made numerous representations to CAMOFI regarding, among other things, Global's purportedly favorable financial condition — including those representations contained in financial statements that Global filed with the SEC.

9. In reliance upon Global's representations, CAMOFI agreed to loan Global the principal sum of $3,500,000 as part of a convertible debt placement (the "Convertible Debt Placement") in Global.

10. The loan was made in accordance with a securities purchase agreement between CAMOFI and Global, dated as of October 27, 2005 (the "Securities Purchase Agreement"). A true and correct copy of the Securities Purchase Agreement is annexed hereto and made a part hereof as Exhibit A.

11. Global expressly represented, in Paragraph 3.1(h) of the Securities Purchase Agreement, that those reports and financial statements which it previous filed with the SEC:

   a. complied in all respects with the requirements of the Securities Act and the Exchange Act;

   b. when filed, did not contain any untrue statement of material fact or omit to state a material fact required to be stated therein or necessary in order to make the statements therein, in light of the circumstances under which they were made, misleading;

   c. complied in all material respects with applicable accounting requirements and the rules and regulations of the SEC;

   d. were prepared in accordance with GAAP; and

   e. fairly presented in all material respects the financial position of Global.

12. Global's CEO, Michael Dodak, signed a written certification that the representations made within the Securities Purchase Agreement were true and correct in all material respects. A true and correct copy of his certification is annexed hereto and made a part hereof as Exhibit B.

13. In consideration for the $3,500,000 loan from CAMOFI to Global, Global executed a promissory note in favor of CAMOFI, which is convertible into CLC shares at the option of CAMOFI at a conversion price of $1.45 per share. A true and correct copy of the Note is annexed hereto and made a part hereof as Exhibit C.

14. Simultaneous with and in further consideration for the loan from CAMOFI, Global issued a common stock purchase warrant (the "Warrant") in favor of CAMOFI

pursuant to which CAMOFI could purchase 910, 000 shares of Global common stock at a predetermined exercise price of $1.75 per share. A true and correct copy of CAMOFI's Warrant is annexed hereto and made part hereof as Exhibit D.

15.  CAMOFI fully performed in accordance with the terms of the Securities Purchase Agreement by paying to Global $3,500,000 and Global, in turn, accepted the funds from CAMOFI.

16.  On March 31, 2006, Global admitted in an 8-K it filed with the SEC that its June 30, 2005 and September 30, 2005 financial disclosures were materially inaccurate, "should not be relied upon" and materially overstated Global's net income (the "Restatement").

17.  Global restated its financial results for the aforementioned quarters and thereby changed the net income for (i) the quarter ended June 30, 2005, from $295,111 in income to a $42,084 loss, and (ii) for the quarter ended September 30, 2005 from $84,364 in income to a $88,603 loss. Thus, instead of earning a profit (as represented), Global had actually been losing money when it induced CAMOFI to make the Convertible Debt Placement.

18.  Global's CEO, David J. Surette, resigned soon after Global issued the Restatement.

19.  Prior to the Restatement, Global's shares were trading at $0.98/share at the opening of the market on March 30, 2006.

20.  The price of Global's shares closed at $0.76/share the day the Restatement occurred.

21. Global continued to report poor business performance in its SEC filings subsequent to the Restatement.

22. Since the end of the June 30, 2005 quarter, Global has continued to operate at a loss and its shares were trading at $0.27/share shortly before the filing of this Complaint.

23. Rather than investing in a profitable business, CAMOFI invested in a business suffering consistent losses and whose stock dramatically decreased in value once the truth of its financial status became publicly known.

## AS AND FOR THE FIRST CLAIM
(Negligent Misrepresentation)

24. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 23 hereof as if fully set forth herein.

25. Global represented its net income and overall financial situation, both verbally through its corporate officers and through its SEC filings, to be positive for the quarters ended June 30, 2005 and September 30, 2005.

26. Global's net income for the quarters ended June 30, 2005 and September 30, 2005 was actually a loss.

27. Global knew or should have known its net income for the quarters ended June 30, 2005 and September 30, 2005 was actually a loss.

28. CAMOFI relied upon Global's net income for the quarters ended June 30, 2005 and September 30, 2005 in negotiating and agreeing to the terms of the Convertible Debt Placement.

29. Global had actual knowledge that CAMOFI was relying on Global's representations concerning its financial status during CAMOFI's consideration and negotiation of the terms of the Convertible Debt Placement.

30. Pursuant to the express terms of the Securities Purchase Agreement, CAMOFI had a right to rely on Global's representations concerning its financial status prior to and upon entry into such agreement.

31. Global's material misrepresentations of fact with respect to Global's net income for the quarters ended June 30, 2005 and September 30, 2005, coupled with the Restatment, have caused CAMOFI damages.

32. By reason of Global's negligent misrepresentations, CAMOFI has been caused to suffer damages in an amount to be determined at trial, but in an amount which is not less than $2,000,000.

WHEREFORE Plaintiff CAMOFI demands judgment:

(a) On its Claim, in an amount to be calculated at trial, but which is not less than $2,000,000;

(b) Awarding the costs and expenses, including attorneys' fees, of this action; and

(c)    Awarding such other and further relief as is just.

Dated: New York, New York
       October 17, 2007

                                       EATON & VAN WINKLE LLP

                                       By: _____
                                               Joseph T. Johnson (JJ 1907)

                                       3 Park Avenue
                                       New York, New York 10016
                                       (212) 779-9910

                                       Counsel for Plaintiff CAMOFI Master LDC