Joseph T. Johnson, Esq. (JJ 1907)
EATON & VAN WINKLE LLP
3 Park Avenue
New York, NY 10016
Telephone: (212) 779-9910
Facsimile: (212) 779-9928

Counsel for Plaintiff CAMOFI Master LDC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAMOFI MASTER LDC,<br><br>                    Plaintiff,<br><br>            - against -<br><br>GLOBAL AXCESS CORP.,<br><br>                    Defendant. | Case No. 07 CIV 9317 (HB)<br>ECF Case<br><br>**REPLY TO COUNTERCLAIM**<br><br>Electronically Filed |

      Plaintiff CAMOFI Master LDC ("CAMOFI"), by its attorneys, Eaton & Van Winkle LLP, as and for its reply to the counterclaim (the "Counterclaim") of Defendant Global Axcess Corp. ("Global Axcess") in the above-entitled action, hereby alleges, on knowledge as to its own acts and otherwise upon information and belief, as follows:

      1.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Counterclaim.

      2.      Admits the allegations in paragraph 2 of the Counterclaim.

      3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Counterclaim and refers all questions of law to the court for a determination thereof.

4.  Affirmatively states that no response to the allegations in paragraph 4 is required because the allegations constitute a legal conclusion and refers all questions of law to the court for a determination thereof.

5.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Counterclaim, refers to the alleged securities purchase agreement for its terms and refers all questions of law to the court for a determination thereof.

6.  Admits the allegations in paragraph 6 of the Counterclaim.

7.  Affirmatively states that the securities purchase agreement and secured promissory note have numerous provisions, denies the allegations in paragraph 7 of the Counterclaim to the extent they purport to interpret, construe or characterize the terms of such documents and refers to such documents for their terms and refers all questions of law to the court for a determination thereof.

8.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Counterclaim.

9.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Counterclaim.

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Counterclaim.

11. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Counterclaim.

12. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Counterclaim and refers all questions of law to the court for a determination thereof.

13. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13 of the Counterclaim and refers all questions of law to the court for a determination thereof.

14. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the Counterclaim, denies such allegations to the extent they purport to interpret, construe or characterize the terms of the securities purchase agreement and refers to such document for its terms and refers all questions of law to the court for a determination thereof.

15. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Counterclaim and refers all questions of law to the court for a determination thereof.

16. Denies the allegations in paragraph 16 of the Counterclaim and refers all questions of law to the court for a determination thereof.

17. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Counterclaim and refers all questions of law to the court for a determination thereof.

18. Affirmatively states that CAMOFI had no reason to believe that Global Axcess was in breach of express representations and warranties made in the securities purchase agreement when the agreement was entered into, denies the relevance of the allegations in paragraph 18 of the Counterclaim, and refers to the securities purchase

agreement and the secured promissory note for their terms and refers all questions of law to the court for a determination thereof.

19. Affirmatively states that CAMOFI had no reason to believe that Global Axcess was in breach of express representations and warranties made in the securities purchase agreement when the agreement was entered into, denies that the relevance of the allegations in paragraph 19 of the Counterclaim, and refers to the securities purchase agreement and the secured promissory note for their terms and refers all questions of law to the court for a determination thereof.

20. Affirmatively states that CAMOFI had no reason to believe that Global Axcess was in breach of express representations and warranties made in the securities purchase agreement when the agreement was entered into and that the allegations in paragraph 20 of the Counterclaim constitute a legal conclusion to which no response is required, and refers to the securities purchase agreement and the secured promissory note for their terms and refers all questions of law to the court for a determination thereof.

21. Affirmatively states that CAMOFI had no reason to believe that Global Axcess was in breach of express representations and warranties made in the securities purchase agreement when the agreement was entered into and that the allegations in paragraph 21 of the Counterclaim constitute a legal conclusion to which no response is required, and refers to the securities purchase agreement and the secured promissory note for their terms and refers all questions of law to the court for a determination thereof.

22.     Affirmatively states that CAMOFI had no reason to believe that Global Axcess was in breach of express representations and warranties made in the securities purchase agreement when the agreement was entered into and that the allegations in paragraph 22 of the Counterclaim constitute a legal conclusion to which no response is required, and refers to the securities purchase agreement and the secured promissory note for their terms and refers all questions of law to the court for a determination thereof.

23.     Affirmatively states that CAMOFI had no reason to believe that Global Axcess was in breach of express representations and warranties made in the securities purchase agreement when the agreement was entered into and that the allegations in paragraph 23 of the Counterclaim constitute a legal conclusion to which no response is required, and refers to the securities purchase agreement and the secured promissory note for their terms and refers all questions of law to the court for a determination thereof.

24.     Affirmatively states that CAMOFI had no reason to believe that Global Axcess was in breach of express representations and warranties made in the securities purchase agreement when the agreement was entered into and that the allegations in paragraph 24 of the Counterclaim constitute a legal conclusion to which no response is required, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Global Axcess and refers to the securities purchase agreement and the secured promissory note for their terms and refers all questions of law to the court for a determination thereof.

25. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25 of the Counterclaim.

26. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Global Axcess in paragraph 26 of the Counterclaim, affirmatively states that CAMOFI had no reason to believe that Global Axcess was in breach of express representations and warranties made in the securities purchase agreement when the agreement was entered into, denies the relevance of the remaining allegations, and refers to the securities purchase agreement and the secured promissory note for their terms and refers all questions of law to the court for a determination thereof.

27. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27 of the Counterclaim.

28. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28 of the Counterclaim.

29. Denies the allegations in paragraph 29 of the Counterclaim to the extent they purport to interpret, construe or characterize the terms of the Form 8-K and refers to such document for its terms.

30. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30 of the Counterclaim.

**ANSWER WITH RESPECT TO THE CLAIM FOR RESCISSION**

31. In response to paragraph 31 of the Counterclaim, CAMOFI repeats and realleges the foregoing denials, admissions, and affirmative statements contained in paragraphs 1 through 30 hereof as if fully set forth herein.

32.     Affirmatively states that CAMOFI had no reason to believe that Global Axcess was in breach of express representations and warranties made in the securities purchase agreement when the agreement was entered into, denies the relevance of the allegations in paragraph 32 of the Counterclaim, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Global Axcess and refers to the securities purchase agreement and the secured promissory note for their terms and refers all questions of law to the court for a determination thereof.

33.     Affirmatively states that CAMOFI had no reason to believe that Global Axcess was in breach of express representations and warranties made in the securities purchase agreement when the agreement was entered into and that the allegations in paragraph 33 of the Counterclaim constitute a legal conclusion to which no response is required, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Global Axcess and refers to the securities purchase agreement and the secured promissory note for their terms and refers all questions of law to the court for a determination thereof.

34.     Affirmatively states that CAMOFI had no reason to believe that Global Axcess was in breach of express representations and warranties made in the securities purchase agreement when the agreement was entered into and that the allegations in paragraph 34 of the Counterclaim constitute a legal conclusion to which no response is required, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Global Axcess, refers to the securities purchase

agreement and the secured promissory note for their terms and refers all questions of law to the court for a determination thereof.

35. Affirmatively states that CAMOFI had no reason to believe that Global Axcess was in breach of express representations and warranties made in the securities purchase agreement when the agreement was entered into and that the allegations in paragraph 35 of the Counterclaim constitute a legal conclusion to which no response is required, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Global Axcess and refers to the securities purchase agreement and the secured promissory note for their terms and refers all questions of law to the court for a determination thereof.

## AFFIRMATIVE DEFENSES

36. CAMOFI repeats and realleges the foregoing denials, admissions, and affirmative statements contained in paragraphs 1 through 35 hereof as if fully set forth herein.

## FIRST AFFIRMATIVE DEFENSE

37. The Counterclaim fails to adequately state a cause of action for rescission due to mutual mistake of fact.

WHEREFORE Plaintiff CAMOFI demands judgment against Global Axcess, <u>inter alia</u>, dismissing the Counterclaim, together with costs and expenses, including attorneys' fees, of this action, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 18, 2008

                         EATON & VAN WINKLE LLP

                         By:   s/Joseph T. Johnson
                               Joseph T. Johnson (JJ 1907)

                         3 Park Avenue
                         New York, New York 10016
                         (212) 779-9910

                         Counsel for Plaintiff CAMOFI Master LDC