UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CAMOFI MASTER LDC, : 
 : 
                       Plaintiff, :    No. 07 Civ. 9317 (HB)
 : 
- against - : 
 : 
GLOBAL AXCESS CORP, : 
 : 
                      Defendant. : 
 : 

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT GLOBAL AXCESS CORP FOR SUMMARY JUDGMENT

OF COUNSEL:

M. Duncan Grant
Eric J. Goldberg
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000

Steven E. Brust
James H. Cummings
Smith, Gambrell & Russell, LLP
50 North Laura Street, Suite 2600
Jacksonville, FL 32202
(904) 598-6100

Kenneth J. King (KK 3567)
Suzanne M. D'Amico (SD 3581)
PEPPER HAMILTON LLP
The New York Times Building
620 Eighth Avenue, 37th Floor
New York, NY 10018-1405
(212) 808-2700

Attorneys for Defendant Global Axcess Corp

## TABLE OF CONTENTS

Page(s)

I. STATEMENT OF FACTS AND PROCEDURAL HISTORY ........................................ 1

    A. The Securities Purchase Agreement and Promissory Note ...................................... 1

    B. The Subordination Agreement .................................................................................. 1

    C. Global Discloses an Accounting Error in its Form 10-QSB for the Second Quarter of 2005 ........................................................................................................ 4

    D. CAMOFI Files Suit Against Global ......................................................................... 5

II. ARGUMENT ...................................................................................................................... 6

    A. Legal Standard ......................................................................................................... 6

    B. Plaintiff is Contractually Barred From Bringing This Lawsuit ............................... 6

III. CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) .................................................................................................. 6, 7

*Applied Interact, LLC v. Vermont Teddy Bear Co., Inc.*,
  No. 04 Civ.8713, 2005 WL 2133416 (S.D.N.Y. Sept. 6, 2005) (Baer, J.) ................. 6, 7

*Friedman v. Chesapeake & Ohio Ry. Co.*,
  261 F. Supp. 728 (S.D.N.Y. 1966) ............................................................................ 7, 8

*Morenz v. Wilson-Coker*,
  415 F.3d 230 (2d Cir. 2005) .......................................................................................... 6

**STATE CASES**

*A.H.A. Gen. Constr., Inc. v. New York Hous. Auth.*,
  92 N.Y.2d 20, 699 N.E.2d 368 (1998) .......................................................................... 7

*Allstate Ins. Co. v. Fowler*,
  480 So.2d 1287 (Fla. 1985) ........................................................................................... 8

*Boedecker-Frey v. Boedecker-Frey*,
  588 N.Y.S.2d 666 (N.Y. App. Div. 1992) ..................................................................... 8

*Goldman v. State Farm Fire Gen. Ins. Co.*,
  660 So.2d 300 (Fla. Dist. Ct. App. 1995) ...................................................................... 7

*Robbinson v. Central Properties, Inc.*,
  468 So.2d 986 (Fla. 1985) ............................................................................................. 8

*South Rd. Assocs., LLC v. International Bus. Machines Corp.*,
  4 N.Y.3d 272, 826 N.E.2d 806 (2005) .......................................................................... 8

*Wright v. Life Ins. Co. of Am.*,
  762 So.2d 992 (Fla. Dist. Ct. App. 2000) ...................................................................... 7

**RULES**

Fed. R. Civ. P. 56(c) ............................................................................................................ 1, 6

Defendant Global Axcess Corp ("Global") submits this memorandum of law in support of its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff CAMOFI Master LDC ("CAMOFI") asserts in its Amended Complaint a claim for breach of a securities purchase agreement and default under a promissory note. However, a related subordination agreement provides that CAMOFI may not sue Global for breach of the securities purchase agreement or default under the promissory note until at least one of five conditions precedent has been met. Because none of the conditions precedent was satisfied before CAMOFI filed this lawsuit, CAMOFI was contractually barred from bringing this suit. Accordingly, Global is entitled to the entry of summary judgment in its favor and against CAMOFI.

## I.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A.   The Securities Purchase Agreement and Promissory Note

On or about October 27, 2005, CAMOFI entered into a Securities Purchase Agreement with Global (the "SPA"). See King Aff., Exh. A (Compl. ¶¶ 11-12). Pursuant to the SPA, CAMOFI lent Global $3,500,000.00 for a term of five years as part of a convertible debt investment in Global. Id. ¶ 11. In consideration for CAMOFI's loan of $3.5 million, Global executed a promissory note in favor of CAMOFI at 9% interest per annum (the "Note"). See id. ¶ 13. The Note is convertible, at CAMOFI's option, into Global common stock at the price of $1.45 per share, with the conversion price subject to possible adjustment. See King Aff., Exh. B (Note §§ 4(b), 5(b)).

### B.   The Subordination Agreement

On or about the same date that the SPA and Note were executed (i.e., October 27, 2005), as part of the same transaction, CAMOFI, Global, and Wachovia Bank N.A. ("Wachovia") entered into a Subordination Agreement. See King Aff., Exh. C (Preston Decl.

¶ 2). Wachovia was, and remains, Global's secured lender. The Subordination Agreement was executed in connection with CAMOFI's loan to Global as reflected in the Note and in the SPA.

The Note provided CAMOFI with a security interest in Global. Because Wachovia held a security interest in Global prior to CAMOFI's investment, Wachovia required CAMOFI and Global to execute the Subordination Agreement to protect Wachovia's security interest. In particular, the Subordination Agreement made CAMOFI's security interest in Global subordinate to Wachovia's security interest. See King Aff., Exh. D (Subordination Agreement § 2).

In addition, Section 5 of the Subordination Agreement, captioned "Remedy Standstill," restricts CAMOFI's ability to "exercise any Remedy," including the filing of a lawsuit, against Global under the SPA or Note.[1] The Remedy Standstill section provides that CAMOFI may not file suit against Global alleging breach of the Note or breach of the SPA "until the earliest" of one of five conditions precedent has occurred:

> "(i) the date the Senior Debt [i.e., the debt that Global owes to Wachovia, see Subord. Agr. § 1] has been paid in full;
>
> "(ii) the date a Proceeding [i.e., a bankruptcy filing or similar action by Global, see Subord. Agr. § 1] is commenced;
>
> "(iii) the date the Senior Debt has been accelerated in writing;
>
> "(iv) at least one hundred and eighty (180) days shall have elapsed after [Wachovia]'s receipt of a written notice from [CAMOFI] stating that [CAMOFI] intends to commence an action against [Global] or any Co-Borrower by reason of a Default; or
>
> "(v) such time as [Wachovia] consents in writing to the termination of the Standstill Period (the "Standstill Period")."

See King Aff., Exh. D (Subordination Agreement § 5).

---

[1] "Remedy" is defined in section 1 of the Subordination Agreement as including "the right to sue" Global.

The *first* condition precedent provides that CAMOFI may not institute suit against Global until "the date the Senior Debt has been paid in full." The Senior Debt is the debt that Global owes to Wachovia, along with related charges such as interest and fees.[2] It was not paid in full before CAMOFI filed this action, nor has it been paid in full to this day. See King Aff., Exh. C (Preston Decl. ¶ 7), Exh. E (Loiacono Decl. ¶ 9).

Under the *second* condition precedent, CAMOFI may not sue Global for breach of the SPA or default under the Note until "the date a Proceeding is commenced." A Proceeding is a bankruptcy filing or similar event with respect to Global.[3] None of the events that constitute a "Proceeding" took place before CAMOFI initiated this action, nor have any such events

---

[2] The full definition of "Senior Debt" is the following, see King Aff., Exh. D (Subordination Agreement § 1):

> (a) the aggregate principal indebtedness outstanding from time to time under the Loan Agreement, (b) all interest accrued and accruing on such aggregate principal amounts from time to time (including, without limitation, any interest accruing after the filing of any petition in bankruptcy or the commencement of any Proceeding, whether or not a claim for post filing or post petition interest is allowed in such Proceeding) ; (c) all other costs, fees, and expenses owed from time to time under the Senior Loan Documents; and (d) all other liabilities, indebtedness and obligations of [Global, Nationwide Money Services, Inc., EFT Integration, Inc. or Axcess Technology Corporation] to [Wachovia], whether now existing or hereafter arising, direct or indirect, contingent or non-contingent, secured or unsecured, due or not due.

[3] The complete definition of "Proceeding" is the following, see King Aff., Exh. D (Subordination Agreement § 1):

> (a) any insolvency, bankruptcy, receivership, custodianship, liquidation, reorganization, readjustment, composition, or other similar proceeding relating to Borrower [Global] or any Co-Borrower or any of their respective properties, whether under any bankruptcy, reorganization, or insolvency laws or any law relating to relief of debtors, readjustment of indebtedness, reorganization, composition, or extension; (b) any proceeding for the liquidation, liquidating distribution, dissolution, or other winding up of [Global] or any Co-Borrower, voluntary or involuntary, whether or not involving insolvency or bankruptcy proceedings; (c) any assignment for the benefit of creditors of [Global] or any Co-Borrower,; or (d) any other marshalling of the assets of [Global] or any Co-Borrower.

occurred at any time since the execution of the Subordination Agreement. See id., Exh. E (Loiacono Decl. ¶ 10), Exh. C (Preston Decl. ¶ 8).

Nor did the *third* condition precedent, "the date the Senior Debt has been accelerated in writing," occur either before this suit was filed or at any time since then. See id., Exh. C (Preston Decl. ¶ 9), Exh. E (Loiacono Decl. ¶ 11).

Likewise, the *fourth* condition precedent was not satisfied before CAMOFI filed this action, nor has it been satisfied post-filing. The fourth stated condition is that CAMOFI must give Wachovia written notice of its intent to sue Global for a Default at least 180 days before it files suit. See id. at Exh. D (Subordination Agreement § 5). "Default" is defined as "default or an event of default under the [Note] or under any other instrument or agreement evidencing the [Note]." See id. § 1. CAMOFI has never notified Wachovia of its intent to bring this suit against Global, let alone 180 days before it filed the complaint. See id., Exh. C (Preston Decl. ¶ 10), Exh. E (Loiacono Decl. ¶ 12). Thus, the fourth condition was not met.

Finally, the *fifth* condition precedent – "such time as [Wachovia] consents in writing to the termination of the Standstill Period" – was not satisfied before CAMOFI filed suit. Indeed, Wachovia has never given such consent. See id., Exh. C (Preston Decl. ¶ 11), Exh. E (Loiacono Decl. ¶ 13).

### C. Global Discloses an Accounting Error in its Form 10-QSB for the Second Quarter of 2005

On or about August 10, 2005, prior to the execution of the SPA, Global filed a Form 10-QSB with the SEC for the second quarter of 2005 (the quarter ended on June 30, 2005), and the filing showed that the quarter had been profitable. See King Aff., Exh. A (Compl. ¶ 7). On March 31, 2006, some five months after the parties had entered into the SPA, Global filed a Form 8-K with the SEC in which it disclosed that its Form 10-QSB for the second quarter of

2005 had contained errors. See id. ¶ 14. The Form 8-K stated that the correction to the errors in the Form 10-QSB for the second quarter of 2005 would reduce the previously stated net income of $295,911 to a net loss of $42,084. See id. ¶ 16.

### D. CAMOFI Files Suit Against Global

On October 17, 2007, some 18 months after Global had filed a Form 8-K with the SEC in which it disclosed that its Form 10-QSB for the second quarter of 2005 had contained errors, CAMOFI filed a complaint against Global for negligent misrepresentation. During that 19-month period, Global had made every required monthly payment that the Note required it to make to CAMOFI. After Global filed a motion to dismiss the original complaint, CAMOFI abandoned its negligent misrepresentation claim and filed an amended complaint ("Complaint") on December 14, 2007 asserting breach of contract. In the Complaint, CAMOFI avers that Global breached certain representations and warranties that it made in the SPA regarding the accuracy of its financial reporting. See id. ¶¶ 25-32. More specifically, CAMOFI claims that those representations and warranties were false because, as evidenced by Global's Form 8-K filed on March 31, 2006, Global's Form 10-QSB for the second quarter of 2005 (which was filed before the SPA was executed) contained errors. Further, CAMOFI maintains that the breach of the SPA's representations and warranties constitutes a default under the Note. See id. ¶ 33.

However, before filing the Complaint, CAMOFI failed to satisfy any of the conditions precedent set forth in section 5 of the Subordination Agreement. The Subordination Agreement's "Remedy Standstill" section states unambiguously that one of five conditions must be met before CAMOFI may file suit against Global for alleged breach of the SPA or default under the Note. Global raised CAMOFI's failure to satisfy section 5 of the Subordination Agreement as its second affirmative defense in its answer to the Complaint. It is indisputable that CAMOFI's suit is barred by the Remedy Standstill provision.

## II. ARGUMENT

### A. Legal Standard

As the Court is well aware, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Morenz v. Wilson-Coker, 415 F.3d 230, 234 (2d Cir. 2005). A fact is material if it might affect the outcome of the case under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Although the court, in considering a motion under Rule 56, must draw all reasonable inferences in favor of the non-moving party, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Applied Interact, LLC v. Vermont Teddy Bear Co., Inc., No. 04 Civ.8713, 2005 WL 2133416, at *2 (S.D.N.Y. Sept. 6, 2005) (Baer, J.), quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Indeed, the opposing party cannot rest on mere allegations or denials, but must "set forth specific facts showing that there is a genuine issue for trial." Id. If, based on the submissions to the court, no rational fact-finder could find in the non-movant's favor, there is no genuine issue of material fact, and summary judgment is appropriate. See Anderson, 477 U.S. at 250.

### B. Plaintiff is Contractually Barred From Bringing This Lawsuit

CAMOFI's lawsuit arises in connection with the SPA and Note, which contain New York choice of law provisions. See King Aff., Exh. A. (Compl. ¶ 12, Ex. A. § 5.9, Ex. B § 9(e)). This Motion, however, challenges the lawsuit on the basis of the Subordination Agreement, which contains a Florida choice of law clause. See id., Exh. D (Subordination Agreement § 15). Because this Motion is based on the Subordination Agreement, Florida law

-6-

applies. Even if New York law applied, the outcome would not change, because the law of the two jurisdictions is the same regarding contractual conditions precedent.

Under both Florida and New York law, CAMOFI was barred from filing this action, because section 5 of the Subordination Agreement has not been satisfied. Where a contract imposes a condition precedent to filing a lawsuit, a party to the contract must comply with such condition before it files suit. See, e.g., Wright v. Life Ins. Co. of Am., 762 So.2d 992 (Fla. Dist. Ct. App. 2000) (trial court properly awarded summary judgment in favor of insurer, because beneficiary's failure to comply with the insurance policy's condition precedent to filing suit precluded her from suing insurer); Goldman v. State Farm Fire Gen. Ins. Co., 660 So.2d 300 (Fla. Dist. Ct. App. 1995) (same); A.H.A. Gen. Constr., Inc. v. New York Hous. Auth., 92 N.Y.2d 20, 699 N.E.2d 368 (1998) (summary judgment entered against plaintiff because it failed to satisfy the contractual conditions precedent to filing suit against defendant); Friedman v. Chesapeake & Ohio Ry. Co., 261 F. Supp. 728, 730-31, 732 (S.D.N.Y. 1966) ("The complaint does not allege that the conditions precedent to suit, required by the trust indenture, have been met, and the fact that they have not been complied with is alleged in the challenged affirmative defense and is shown by undisputed affidavits supporting the motion for summary judgment. . . . We hold, therefore, that the challenged affirmative defense is sufficient to bar the action as a matter of law."). Where the plaintiff fails to satisfy the condition precedent to suit, it is barred from filing an action. See id.

In addition to the SPA and Note, CAMOFI and Global also entered into a Subordination Agreement with Wachovia, Global's senior lender. The Subordination Agreement provides that CAMOFI may not file suit against Global for any alleged breach of the SPA or Note until one of five conditions precedent is satisfied. See King Aff., Exh. D (Subordination

Agreement § 5). These conditions precedent are clear and unambiguous and therefore must be enforced. See Robbinson v. Central Properties, Inc., 468 So.2d 986, 988 (Fla. 1985) ("In construing contracts, the intention of the parties governs, and such intention will be determined from the language used when it is unambiguous."); South Rd. Assocs., LLC v. International Bus. Machines Corp., 4 N.Y.3d 272, 277, 826 N.E.2d 806, 809 (2005) ("In cases of contract interpretation, it is well settled that when parties set down their agreement in a clear, complete document, their writing should be enforced according to its terms.") (citation omitted). Moreover, it is undisputed that CAMOFI must comply with these conditions before it may file suit against Global. See King Aff., Exh. D (Subordination Agreement § 5).

Global is entitled to enforce the Standstill provision of the Subordination Agreement, because it is a party to that agreement. See Allstate Ins. Co. v. Fowler, 480 So.2d 1287, 1290 (Fla. 1985) ("[The Supreme Court of Florida] has traditionally recognized the freedom of parties to contract and the right to enforce the contract in accordance with the language therein."); Boedecker-Frey v. Boedecker-Frey, 588 N.Y.S.2d 666, 667 (N.Y. App. Div. 1992) ("The agreement entered into by [Petitioner and Respondent] is an enforceable contract . . . and [Petitioner] has the legal right to enforce the terms of the parties' agreement."). Moreover, the Subordination Agreement itself provides that Global is entitled to enforce any of the provisions of the Subordination Agreement, including the "Remedy Standstill" section: "This Agreement and the terms and covenants, and conditions hereof shall be binding upon and inure to the benefit of the parties hereto . . . ." King Aff., Exh. D (Subordination Agreement § 14) (emphasis added).

Because none of the conditions precedent set forth in section 5 of the Subordination Agreement have been satisfied, CAMOFI is barred from suing Global for breach

-8-

of the SPA or default under the Note. There is no genuine factual dispute that CAMOFI is obligated to comply with the Remedy Standstill provision before suing Global. Accordingly, Global is entitled to summary judgment and judgment should be entered against CAMOFI.

### III. CONCLUSION

      For the reasons set forth above, CAMOFI's claim is barred by section 5 of the Subordination Agreement. Defendant Global Axcess Corp therefore requests that the Court grant its Motion for Summary Judgment and enter judgment in favor of Global and against CAMOFI.

Dated: New York, New York
      June 24, 2008

OF COUNSEL:

M. Duncan Grant
Eric J. Goldberg
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000

Steven E. Brust
James H. Cummings
Smith, Gambrell & Russell, LLP
50 North Laura Street, Suite 2600
Jacksonville, FL 32202
(904) 598-6100

Respectfully submitted,

/s/ Kenneth J. King
Kenneth J. King (KK 3567)
Suzanne M. D'Amico (SD 3581)
PEPPER HAMILTON LLP
The New York Times Building
620 Eighth Avenue, 37th Floor
New York, NY 10018-1405
(212) 808-2700

Attorneys for Defendant Global Axcess Corp

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2008, the foregoing Defendant Global Axcess Corp's Notice of Motion for Summary Judgment, Statement of Material Facts in Support of Summary Judgment Pursuant to Local Civil Rule 56.1, Memorandum of Law in Support of Motion for Summary Judgment, and Affidavit of Kenneth J. King (with exhibits) were filed via CM / ECF, which will provide notification of filing to the following counsel, and that such documents were also served on the following counsel by overnight delivery:

>   Joseph Thomas Johnson, III
>   Eaton & Van Winkle LLP
>   Three Park Avenue
>   16th Floor
>   New York, NY 10016

Suzanne M. D'Amico (SD 3581)