UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CAMOFI MASTER LDC,<br><br>　　　　　　　　　　Plaintiff,<br><br>　- against -<br><br>GLOBAL AXCESS CORP,<br><br>　　　　　　　　　　Defendant. | No. 07 Civ. 9317 (HB)<br><br>STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO LOCAL CIVIL RULE 56.1 |

PLEASE TAKE NOTICE, that in accordance with Rule 56.1 of the Local Civil Rules of the Southern and Eastern Districts of New York, Defendant Global Axcess Corp ("Global"), by and through its attorneys, Pepper Hamilton LLP, hereby respectfully submits the following Statement of Material Facts, as to which there is no genuine issue to be tried. All citations to the record upon which this motion is predicated refer to the evidentiary exhibits annexed to the Affidavit of Kenneth J. King, sworn to on June 24, 2008 ("King Aff.").

1.　Plaintiff CAMOFI Master LDC ("CAMOFI") entered into a Securities Purchase Agreement with Global dated October 27, 2005 (the "SPA"). See King Aff., Exh. A (Compl. ¶¶ 11-12).

2.　Pursuant to the SPA, CAMOFI lent Global $3,500,000.00 for a term of five years as part of a convertible debt placement in Global. Id. ¶ 11.

3.　In consideration for CAMOFI's loan of $3.5 million, Global executed a senior subordinated secured convertible promissory note in favor of CAMOFI at 9% interest per annum (the "Note"). See id. ¶ 13.

4.      The Note is convertible, at CAMOFI's option, into Global common stock at the price of $1.45 per share, with the conversion price subject to possible adjustment. See King Aff., Exh. B (Note §§ 4(b), 5(b)).

5.      On or about the same date that the SPA and Note were executed (i.e., October 27, 2005), as part of the same transaction, CAMOFI, Global, and Wachovia Bank N.A. ("Wachovia") entered into a Subordination Agreement. See King Aff., Exh. C (Preston Decl. ¶ 2).

6.      Wachovia was Global's secured lender in October 2005, and it remains Global's secured lender today. Id., Exh. E (Loiacono Decl. ¶ 5).

7.      The Subordination Agreement was executed in connection with Global's investment in CAMOFI as reflected in the Note and in the SPA. See id. ¶ 6.

8.      The Note provided CAMOFI with a security interest in Global. See id., Exh. B (Note § 9(d)). Because Wachovia held a security interest in Global prior to CAMOFI's investment, Wachovia required CAMOFI and Global to execute the Subordination Agreement to protect Wachovia's security interest. See King Aff., Exh. E (Loiacono Decl. ¶ 7).

9.      In particular, the Subordination Agreement made CAMOFI's security interest in Global subordinate to Wachovia's security interest. See King Aff., Exh. D (Subord. Agr. § 2), Exh. C (Preston Decl. ¶ 4).

10.     In addition, Section 5 of the Subordination Agreement, captioned "Remedy Standstill," restricted CAMOFI's ability to "exercise any Remedy," including the filing of a lawsuit, against Global under the SPA or Note.[1]

---

[1] "Remedy" is defined in section 1 of the Subordination Agreement as including "the right to sue" Global.

11.     The Remedy Standstill section provides that CAMOFI may not file suit against Global alleging breach of the Note or breach of the SPA "until the earliest" of one of five conditions precedent has occurred:

> "(i) the date the Senior Debt [i.e., the debt that Global owes to Wachovia, see Subord. Agr. § 1] has been paid in full;
>
> "(ii) the date a Proceeding [i.e., a bankruptcy filing or similar action by Global, see Subord. Agr. § 1] is commenced;
>
> "(iii) the date the Senior Debt has been accelerated in writing;
>
> "(iv) at least one hundred and eighty (180) days shall have elapsed after [Wachovia]'s receipt of a written notice from [CAMOFI] stating that [CAMOFI] intends to commence an action against [Global] or any Co-Borrower by reason of a Default; or
>
> "(v) such time as [Wachovia] consents in writing to the termination of the Standstill Period (the "Standstill Period")."

See King Aff., Exh. D (Subord. Agr. § 5).

12.     On October 17, 2007, CAMOFI filed a complaint against Global for allegedly making negligent misrepresentations in the SPA. After Global filed a motion to dismiss, CAMOFI abandoned its negligent misrepresentation claim and filed an amended complaint on December 14, 2007 asserting breach of the SPA. The amended complaint does not include any claims for negligent misrepresentation. See id., Exh. A (Compl.).

13.     The *first* condition precedent provides that CAMOFI may not institute suit against Global until "the date the Senior Debt has been paid in full." The Senior Debt is the debt that Global owes to Wachovia, along with related charges such as interest and fees.[2] The Senior

---

[2] The full definition of "Senior Debt" is the following, see King Aff., Exh. D (Subordination Agreement § 1):

> (a) the aggregate principal indebtedness outstanding from time to time under the Loan Agreement, (b) all interest accrued and accruing on such aggregate principal amounts from time to time (including, without limitation, any interest accruing after the filing of any petition in bankruptcy or the commencement of

Debt was not paid in full before CAMOFI filed this action, nor has it been paid in full to this day. See King Aff., Exh. C (Preston Decl. ¶ 7), Exh. E (Loiacono Decl. ¶ 9). Thus, the first condition was not met.

14. Under the *second* condition precedent, CAMOFI may not sue Global for breach of the SPA or default under the Note until "the date a Proceeding is commenced." A Proceeding is a bankruptcy filing or similar event with respect to Global.[3] None of the events that constitute a "Proceeding" took place before CAMOFI filed commenced this suit, nor have any such events occurred at any time since the execution of the Subordination Agreement. See id., Exh. C (Preston Decl. ¶ 8), Exh. E (Loiacono Decl. ¶ 10).

15. Nor did the *third* condition precedent, "the date the Senior Debt has been accelerated in writing," occur either before this action was filed or at any time since then, because the Senior Debt has never been accelerated. See id., Exh. C (Preston Decl. ¶ 9), Exh. E, (Loiacono Decl. ¶ 11).

---

any Proceeding, whether or not a claim for post filing or post petition interest is allowed in such Proceeding) ; (c) all other costs, fees, and expenses owed from time to time under the Senior Loan Documents; and (d) all other liabilities, indebtedness and obligations of [Global, Nationwide Money Services, Inc., EFT Integration, Inc. or Axcess Technology Corporation] to [Wachovia], whether now existing or hereafter arising, direct or indirect, contingent or non-contingent, secured or unsecured, due or not due.

[3] The complete definition of "Proceeding" is the following, see King Aff., Exh. D (Subordination Agreement § 1):

(a) any insolvency, bankruptcy, receivership, custodianship, liquidation, reorganization, readjustment, composition, or other similar proceeding relating to Borrower [Global] or any Co-Borrower or any of their respective properties, whether under any bankruptcy, reorganization, or insolvency laws or any law relating to relief of debtors, readjustment of indebtedness, reorganization, composition, or extension; (b) any proceeding for the liquidation, liquidating distribution, dissolution, or other winding up of [Global] or any Co-Borrower, voluntary or involuntary, whether or not involving insolvency or bankruptcy proceedings; (c) any assignment for the benefit of creditors of [Global] or any Co-Borrower,; or (d) any other marshalling of the assets of [Global] or any Co-Borrower.

16.	Likewise, the *fourth* condition precedent was not satisfied before CAMOFI filed this lawsuit, nor has it been satisfied post-filing. See id., Exh. E, (Loiacono Decl. ¶ 12). The fourth stated condition is that CAMOFI must give Wachovia written notice of its intent to sue Global for a Default at least 180 days before it files suit. See id., Exh. D (Subord. Agr. § 5). "Default" is defined as "default or an event of default under the [Note] or under any other instrument or agreement evidencing the [Note]." See id., Exh. D (Subord. Agr. § 1). CAMOFI has never notified Wachovia of its intent to bring this action against Global, either 180 days before it filed this action or at any time since then. See id., Exh. C (Preston Decl. ¶ 10), Exh. E (Loiacono Decl. ¶ 12). Thus, the fourth condition was not met.

17.	Finally, the *fifth* condition precedent – "such time as [Wachovia] consents in writing to the termination of the Standstill Period" – was not satisfied before CAMOFI filed suit. Wachovia has never given such consent. See id., Exh. C (Preston Decl. ¶ 11), Exh. E (Loiacono Decl. ¶ 13).

Dated: New York, New York
June 24, 2008

OF COUNSEL:

M. Duncan Grant (admitted *pro hac vice*)
Eric J. Goldberg (admitted *pro hac vice*)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000

Steven E. Brust (admitted *pro hac vice*)
James H. Cummings (admitted *pro hac vice*)
Smith, Gambrell & Russell, LLP
50 North Laura Street, Suite 2600
Jacksonville, FL 32202
(904) 598-6100

/s/ Kenneth J. King
Kenneth J. King (KK 3567)
Suzanne M. D'Amico (SD 3581)
PEPPER HAMILTON LLP
The New York Times Building
620 Eighth Avenue, 37th Floor
New York, NY 10018-1405
(212) 808-2700

Attorneys for Defendant Global Axcess Corp